IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| GERALD STOUGARD, | ) |
| | ) CASE NO. 4:17-cv-00444-RP-HCA |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT AT LAW |
| | ) AND JURY DEMAND |
| BIMBO BAKERIES USA, INC., | ) |
| | ) |
| Defendant. | ) |

COMES NOW the Plaintiff, Gerald Stougard, and, by and through counsel, states the following causes of action against the Defendant, Bimbo Bakeries USA, Inc.:

## **INTRODUCTION**

1. This action is instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Iowa Civil Rights Act, Chapter 216 of the Code of Iowa. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

2. This Court has jurisdiction over the related State claims pursuant to 28 U.S.C. § 1367.

3. The employment practices involved in this claim occurred within the Southern District of Iowa. Venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Mr. Stougard timely filed a complaint regarding the matters stated herein with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission. He has requested and received an administrative release from both of said agencies, attached hereto as Exhibits 1 and 2. Mr. Stougard now files this Petition within ninety days of receiving those "right-to-sue" letters.

## **PARTIES**

5. The Plaintiff, Gerald Stougard, is a citizen and resident of Des Moines, Polk County, Iowa.

6. The Defendant, Bimbo Bakeries USA, Inc., ("Bimbo Bakeries"), is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania. Bimbo Bakeries does business at a location in Ankeny, Polk County, Iowa.

## **COUNT ONE:**
### Disability Discrimination and
### Failure to Accommodate a Known Disability
### Under the Iowa Civil Rights Act and
### The Americans With Disabilities Act

7. Defendant Bimbo Bakeries has the requisite number of employees to be covered by the Iowa Civil Rights Act and the Americans with Disabilities Act.

8. Mr. Stougard was employed by Bimbo Bakeries from 1991 through January 18, 2017.

9. Mr. Stougard injured his shoulder, leaving him with a limited lifting capacity and limited utility in the affected shoulder.

10. Specifically, Mr. Stougard's workers compensation doctor, Dr. Sullivan, has imposed the following permanent physical restrictions:

> I believe all of his impairment is related to his injury on 11/3/2014. His Functional Capacity Evaluation was valid. I would recommend following the recommendations which place him at the medium physical demand category. He can lift 55 pounds floor to waist, 40 pounds waist to shoulder height, and 25 pounds shoulder to overhead. He can bimanually carry 45 pounds and can push and pull 60 pounds respectively. He can do this on an occasional frequency.

11. Mr. Stougard thus had a permanent impairment of the functioning of his shoulder that substantially limited his major life activities, including the major life activities of lifting and performing manual labor.

12. Mr. Stougard's shoulder injury constituted a disability as defined by the Iowa Civil Rights Act and the Americans With Disabilities Act.

13. Additionally or in the alternative, Bimbo Bakeries regarded Mr. Stougard as having a permanent impairment of the functioning of his shoulder that substantially limited his major life activities, including the major life activities of lifting and performing manual labor.

14. Mr. Stougard informed Melissa Conley in Bimbo Bakeries' human resources department of his physical restrictions in late 2016. Additionally, Ms. Conley – and, through her, Bimbo Bakeries – was kept aware of Mr. Stougard's physical restrictions as they were imposed.

15. Mr. Stougard requested an accommodation from Bimbo Bakeries. He informed Ms. Conley that he was ready, willing and able to return to work on Monday, December 5, 2016, as well as on other dates.

16. In particular, Mr. Stougard met with Kent Folger and Ms. Conley in-person on January 17, 2017, to discuss a possible return to work.

17. Mr. Stougard intended to work collaboratively with Bimbo Bakeries toward the goal of returning to work.

18. Bimbo Bakeries did not permit Mr. Stougard to return to work.

19. In December 2016, Ms. Conley said she was waiting for the surgeons to review Mr. Stougard's functional capacity evaluation.

20. In January 2017, Ms. Conley told Mr. Stougard there was no way Mr. Stougard could do his job and that there were no other jobs he could possibly do at Bimbo Bakeries.

21. Though Mr. Stougard's regular route was still open, he was terminated instead of being given his route back.

22. Mr. Stougard's shoulder injury and resulting physical accommodations could readily have been accommodated at *de minimis* cost to Bimbo Bakeries. For example, Mr. Stougard could have been provided with a portable stepladder. A portable stepladder could have resolved any concerns about overhead lifting within Mr. Stougard's restrictions.

23. Additionally or in the alternative, Bimbo Bakeries could have simply let Mr. Stougard work within his restrictions. Mr. Stougard could have performed the essential functions of his job without any accommodation.

24. Bimbo Bakeries did not consider any reasonable accommodations. Instead, Bimbo Bakeries – through Mr. Folger and Ms. Conley – simply told Mr. Stougard his restrictions could not be accommodated.

25. Thus, Mr. Stougard was discriminated against on the basis of his disability (real or perceived) and/or denied a reasonable accommodation for his disability.

26. Bimbo Bakeries' conduct in this regard is in violation of Iowa Code § 216.6 as well as the Americans With Disabilities Act.

27. Bimbo Bakeries' conduct in this regard has been the cause of damages to Mr. Stougard, including but not limited to back pay, front pay, lost employment benefits, and other pecuniary losses, and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

28. Bimbo Bakeries' conduct alleged herein was malicious under the Americans with Disabilities Act of 1990 as amended, entitling Mr. Stougard to punitive damages.

WHEREFORE, the Plaintiff, Gerald Stougard, prays for a judgment in his favor against the Defendant, Bimbo Bakeries USA, Inc., in an amount that will fairly and adequately compensate Mr. Stougard for the injuries and damages he has stated herein, as well as for attorneys' fees and for the costs of this action, including expert witness fees and punitive damages, and any and all relief that may be just and equitable under the circumstances and consistent with the purposes of the Iowa Civil Rights Act or the Americans With Disabilities Act.

### JURY DEMAND

The Plaintiff, Gerald Stougard, demands that a jury be impaneled to decide all issues so triable in this matter.

DUTTON, BRAUN, STAACK
& HELLMAN, P.L.C.
Attorneys for Plaintiff

BY: _____
Erin Patrick Lyons, AT0004800
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704
(319) 234-4471
(319) 234-8029 FAX
Email: lyonse@wloolaw.com

COPY TO:

Sarah J. Millsap
Jacqueline F. Langland
Jackson Lewis, P.C.
10050 Regency Circle, Ste. 400
Omaha, NE 68114

## PROOF OF SERVICE

    The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on **January 4, 2018.**

| BY: | ☐ U.S. Mail | ☐ Fax |
|---|---|---|
| | ☐ Hand Delivered | ☐ UPS |
| | ☐ Federal Express | ☐ Email |
| | **X** ECF System Participant (Electronic Service) | ☐ Other |

SIGNATURE _____

Administrative Release
(Letter of Right-To-Sue)

| To: | ) From: |
|---|---|
| MR. GERALD STOUGARD<br>2419 HART AVE<br>DES MOINES, IA 50320 | ) <br> ) Iowa Civil Rights Commission<br>) Grimes State Office Building<br>) 400 E. 14th Street<br>) Des Moines, Iowa 50319 |
| Complaint CP# 06-17-70617    EEOC# 26A-2017-00642C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, **9/26/2017**. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Code allows any party to obtain a complete copy of the case file after a Right-To Sue Letter has been issued. Requests for copies should be directed to Kaitlin Smith at kaitlin.smith@iowa.gov

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
    ERIN PATRICK LYONS, Complainant's Attorney
    SARAH J. MILLSAP, Respondent's Attorney
    BIMBO BAKERIES USA INC.



EXHIBIT 1

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Erin Patrick Lyons<br>DUTTON BRAUN STAACK & HELLMAN PLC<br>PO BOX 810<br>Waterloo, IA 50701 | From: | Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 500<br>Milwaukee, WI 53203 |
|---|---|---|---|

☐   **For: Gerald C. Stougard**
      On behalf of person(s) aggrieved whose identity is
      CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2017-00642 | Pamela A. Bloomer,<br>State & Local Coordinator | (414) 297-4056 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/pb*            October 25, 2017

Enclosures(s)      Julianne Bowman,      *(Date Mailed)*
                    District Director

cc:   Sarah J. Millsap
      10050 REGENCY CIRCLE, SUITE 400
      Omaha, NE 68114

      **For: BIMBO BAKERIES USA INC.**



EXHIBIT 2